IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENDRICK HERRING,

    Plaintiff,

v.                                                     CASE NO. 5:15-cv-242-LC-GRJ

T-MOBILE,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's *pro se* Complaint pursuant to 42 U.S.C. § 1983, ECF No. 1. Leave to proceed as a pauper has been granted by separate order. For the following reasons, the undersigned recommends that the Complaint be dismissed because the facts alleged fail to state a claim upon which relief can be granted.

## **Plaintiff's Allegations**

The Complaint was filed on September 16, 2015. The Complaint stems from an incident that occurred on March 19, 2011. Plaintiff alleges that on that date Defendant T-Mobile breached a duty to Plaintiff by providing cell phone location data to law enforcement officers that permitted the officers to locate and arrest Plaintiff. Plaintiff alleges that he was shot and tazered during the arrest, as a result of the information provided by Defendant. Plaintiff contends that the First District Court of Appeal found that the use of the cell phone data to track Plaintiff was illegal.[1] Plaintiff contends that T-Mobile's actions violated Plaintiff's Fourth Amendment and other constitutional rights.

---

[1] *See State v. Herring*, 168 So. 3d 240, 243-44 (Fla. 1st DCA 2015) (finding that exigent circumstances did not relieve law enforcement officers of duty to obtain warrant for Herring's cell phone location data and reversing denial of motion to suppress data).

## **Standard of Review**

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal).*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986). If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the

complaint is subject to dismissal. *Id.* at 737-38.

Plaintiff does not allege that T-Mobile is a "state actor" under § 1983. *See* ECF No. 1. Only in rare circumstances may a private party be viewed as a state actor for purposes of liability under § 1983. To hold that private parties are state actors, this Court must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test). *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

Plaintiff's allegations do not establish that his claims against T-Mobile satisfy these tests. *See Meisler v. Chrzanowski*, 2013 WL 5375524, at *7 (D. Nev. 2013) (dismissing constitutional claims against Sprint–Nextel, Inc., which provided cell phone location data to law enforcement officers, because Sprint-Nextel is not a state actor under § 1983) (citing *Price v. Hawaii,* 939 F.2d 702, 707–08 (9th Cir.1991) ("private parties are not generally acting under color of state law")).

Moreover, even if T-Mobile is considered a state actor for purposes of liability under § 1983, Plaintiff's claims stem from the injuries he allegedly sustained as a result of the use of excessive force by law enforcement officers during his arrest.[2] Plaintiff

---

[2] Plaintiff's excessive force claims were asserted in a separate lawsuit, *Herring v. Mahoney,* Case No. 4:15-cv-402-RH-GRJ. The Court has recommended that the case be dismissed because Plaintiff's claims are barred by the statute of limitations. *Id.*, ECF No. 7.

has alleged no facts showing that there is a causal connection between T-Mobile's actions in providing cell phone location data and the injuries Plaintiff allegedly incurred during his arrest.

Lastly—again assuming that T-Mobile is considered a state actor for purposes of liability under § 1983—Plaintiff's claims are barred by the statute of limitations. A federal § 1983 claim is governed by the forum state's statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988). Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.*

In this case, it is apparent from the face of the Complaint that Plaintiff's claims are time-barred. The alleged unconstitutional act by T-Mobile occurred on March 19, 2011. The face of the Complaint reflects that Plaintiff knew the facts underlying his claims on that date, notwithstanding that the state court did not rule the evidence inadmissible in his criminal trial until sometime thereafter. Plaintiff filed the Complaint on September 16, 2015, more than four years after Plaintiff knew of the facts underlying his claims, and therefore the Complaint is barred by the statute of limitations.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." See Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Under the facts presented, the Court concludes that amendment of the Complaint would be futile because amendment would not cure the deficiencies.

## Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 4th day of November 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**